```
                UNITED STATES DISTRICT COURT
                         FOR THE
                    DISTRICT OF VERMONT

JUSTINE LYONS,                         :
                                       :
        Plaintiff,                     :
                                       :
        v.                             :   Case No. 2:23-cv-16
                                       :
BIRMINGHAM LAW OFFICE, LLC;            :
MATTHEW BIRMINGHAM; MARY LOU           :
SCOFIELD, PC; AND MARY SCOFIELD,       :
                                       :
        Defendants.                    :
```

**OPINION AND ORDER**

Defendants Birmingham Law Office, LLC, Matthew Birmingham (the "Birmingham defendants"), Mary Lou Scofield, PC, and Mary Scofield (the "Scofield defendants") have separately moved the Court to dismiss all claims against them pursuant to F.R.C.P. 12(b)(1), (6), and (7). For the reasons set forth below, Defendants' motions to dismiss are **granted**.

**BACKGROUND**

The Plaintiff's complaint asserts claims of conversion and professional negligence against the Defendants and pleads the following facts. The dispute arose out of a sale of real estate in Ludlow, Vermont and a purported agreement between the seller and his romantic partner, the Plaintiff, as to her entitlement to all or some of the proceeds of the sale. The Birmingham defendants were retained to represent the seller of the property, and the Scofield Defendants were retained to represent

the buyer. At the time of the sale, the seller, Alfred Ducharme, was engaged in a romantic relationship with the Plaintiff, with whom he cohabitated in Connecticut. Plaintiff's complaint asserts that she and Mr. Ducharme "agreed that they would sell vacation properties that each of them separately owned, and that they would pool the proceeds in order to purchase a new home together. Any funds in excess of what was needed to purchase a home were to be turned over to Ms. Lyons to compensate her for the years of financial support she provided to Mr. Ducharme." ECF 1 at 2.

The closing of the sale of Mr. Ducharme's Ludlow property took place on Wednesday, December 23, 2020. At the closing, the Birmingham defendants provided wiring instructions to the Scofield defendants directing the proceeds of the sale to be wired to the Plaintiff's bank account. The following day, the Scofield defendants notified the Birmingham defendants that the wiring instructions were incorrect and therefore the proceeds could not be wired. ECF 1 at 3. The Birmingham defendants did not immediately respond.

On December 26, 2020, Mr. Ducharme died unexpectedly. On December 28, the Birmingham defendants informed the Scofield defendants of Mr. Ducharme's death and instructed them to wire the proceeds of the Ludlow sale to the Birmingham defendants' escrow account. The Scofield defendants fulfilled the

instruction that day and the Birmingham defendants received the proceeds of the sale on December 29, 2020. Following communications between the Birmingham defendants and the legal representation of Mr. Ducharme's estate administrators, the Birmingham defendants transferred the funds from their escrow account to the trust account of the estate's attorney. ECF 1 at 4. The funds have remained in that account while the legal disputes over their ownership have proceeded through several pending Connecticut cases, and now, the present action.[1]

Plaintiff filed the present complaint against the Birmingham defendants and Scofield defendants on January 24, 2023. ECF 1. The Scofield filed their motion to dismiss the complaint for failure to state a claim on February 27, 2023, ECF 9, and the Birmingham defendants filed their motion to dismiss the complaint on March 1, 2023. ECF 11.

---

[1] The claims made in this matter are currently being addressed in the Connecticut Appellate Court in the matter of *Justine Lyons v. Birmingham Law Office, LLC, Matthew Birmingham, Marylou Scofield, PC, Marylou Scofield, The Law Office of David L. Weiss, and David L. Weiss*, docket no. AC 45631. Additionally, there is a pending Connecticut Probate Court case, *In the Matter of Alfred P. Ducharme* (21-0034), District of Madison-Guilford, Probate District No. 34, as well as three additional Connecticut Superior Court lawsuits by Plaintiff against Mr. Ducharme's children: *Justine Lyons v. Nicole Ducharme, Individually and as Administratrix of the Estate of Alfred P. Ducharme; Andrew Ducharme, Individually and as Administratrix of the Estate of Alfred P. Ducharme*, docket # NNH-CV21-6115723-S; *Justine Lyons v. Nicole Ducharme and Alfred P. Ducharme*, docket # NNH-CV21-6114849-S; and *Justine Lyons v. Nicole Ducharme, Individually and as Administratrix of the Estate of Alfred P. Ducharme; Andrew Ducharme, Individually and as Administratrix of the Estate of Alfred P. Ducharme; and Estate of Alfred P. Ducharme*, docket #NNH-CV21-6117744-S.

**STANDARD OF REVIEW**

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and "draw[ ] all reasonable inferences in favor of the plaintiff," *Daniel v. T & M Prot. Res., Inc.*, 992 F.Supp.2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)). The Court must confine its analysis under Rule 12(b)(6) to the facts as stated in the complaint, documents appended to the complaint or incorporated by reference, and matters of which it may take judicial notice. *See Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999). For a complaint to survive a motion to dismiss at this stage of litigation, it must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

**ANALYSIS**

I.   Count I - Claims of Conversion

"To establish a claim for conversion, the owner of property must show only that another has appropriated the property to that party's own use and beneficial enjoyment, has exercised dominion over it in exclusion and defiance of the owner's right, or has withheld possession from the owner under a claim of title

inconsistent with the owner's title." *Montgomery v. Devoid*, 181 Vt. 154, 160 (2006) (quoting *P.F. Jurgs & Co. v. O'Brien*, 160 Vt. 294, 299 (1993). "The key element of conversion, therefore, is the wrongful exercise of dominion over property of another." *O'Brien*, 160 Vt. at 299. The Vermont Supreme Court has recognized that, in addition to actual ownership, a right to "immediate possession" of property is a valid basis for a claim of conversion. *Miller v. Merchants Bank*, 138 Vt. 235, 239, 415 A.2d 196, 199 (1980).

The Vermont Supreme Court often relies on factors listed in the Restatement (Second) of Torts to determine the seriousness of an interference in another's property and the "justice of imposing liability on the interfering party" including:

> (a) The extent and duration of the actor's exercise of dominion or control; (b) the actor's intent to assert a right in fact inconsistent with the other's right of control; (c) the actor's good faith; (d) the extent and duration of the resulting interference with the other's right of control: (e) the harm done to the chattel; (f) the inconvenience and expense caused to the other.

*Montgomery*, 181 Vt. at 161 (quoting Restatement (Second) of Torts § 222A(2)). "No one factor is always predominant in determining the seriousness of the interference, or the justice of requiring" full payment for the converted property, although courts consider "[n]ot only the conduct of the defendant, but also its consequences." *Id.*

5

The issue of ownership over the proceeds of the Ludlow property sale is in dispute, not only in this Court, but also in the Connecticut Appellate Court, the Connecticut Probate Court, and the Connecticut Superior Court. These claims not only involve the parties named in this action, but also additional parties each of whom share an interest in the resolution of the issue of ownership over the funds, including Mr. Ducharme's children who are the administrators of Mr. Ducharme's estate. A judgment on the issue of ownership over the funds in this case, as would be required to establish a claim of conversion against the defendants, poses a significant risk of producing conflicting decisions in different forums and generating unnecessarily costly legal expenses, running counter to the interest in judicial efficiency held both by the Court and the parties involved. However, taking into consideration the Plaintiff's arguments as to the status of the case before the Connecticut Appellate Court, i.e., the Defendants' challenge to personal jurisdiction in that forum, in addition to the potential that should the Plaintiff be required to wait for a resolution over the issue of ownership in the Connecticut courts, she may become time barred from raising her claim of conversion against the Defendants in this Court at a later time, the Court declines to dismiss the case on these procedural grounds.

Nonetheless, the Court concludes that even assuming the Plaintiff were to succeed in establishing a right to some or all of the proceeds of the sale of Mr. Ducharme's property such that she satisfies the ownership element of a conversion claim, Plaintiff has failed to plead sufficient facts to support her claims of conversion against the defendants under Vermont law.

Preliminarily, Plaintiff has pled no facts to suggest that either defendant held the proceeds of the real estate sale for their "own use and beneficial enjoyment." Likewise, based on the complaint, neither defendant has at any point held the funds "under a claim of title inconsistent with" the Plaintiff's. To the contrary, both defendants simply temporarily held the funds in their separate escrow accounts while awaiting direction from the seller of the real estate, and after his passing, his estate as to the disposition of the funds. At no point did either defendant claim title to the funds.

Finally, accepting the pleadings as true, assessing them in the light most favorable to the Plaintiff, and assuming the veracity of the Plaintiff's ownership claim to the funds, the Court is not persuaded that either defendant "exercised dominion over [the funds] in exclusion and defiance of the owner's right." To start, the extent and duration of either the Birmingham defendants' or the Scofield defendants' possession of and control over the funds was minimal. The Scofield defendants

7

maintained possession of the funds over the course of a long weekend holiday from December 23 to December 28, 2020. During this time frame, the Scofield defendants' initial attempt to wire the funds to the Plaintiff failed through no fault of their own. The Scofield defendants then promptly informed the seller's attorneys of this failure, after which the seller of the property unexpectedly passed away. When the Scofield defendants learned of the seller's passing on December 28, 2020, they immediately transferred to the funds to the seller's attorney, the Birmingham defendants, pursuant to their request, who held the funds in a trust account. Shortly thereafter, though precisely how long is not included in the complaint, the Birmingham defendants transferred the funds to Mr. Ducharme's estate attorney.

During the time in which either Defendant was in possession of the funds, the question of ownership over the funds remained unsettled. While Mr. Ducharme had instructed the buyer to wire the proceeds to the Plaintiff's bank account, the purchase and sale agreement for the Ludlow property did not name the Plaintiff. And beyond the wiring instructions, Plaintiff has pled no fact to suggest that either defendant was aware of the alleged agreement between the Plaintiff and Mr. Ducharme to pool the funds from the sale of their vacation homes to purchase a new home together and to use the remainder to compensate the

Plaintiff for any financial support she provided to Mr. Ducharme in the past. Upon Mr. Ducharme's passing, the determination of whether the funds were part of Mr. Ducharme's estate or whether all or part of the funds were owed to the Plaintiff became a question for the estate's attorney to address upon Mr. Ducharme's passing. Thus, Plaintiff's allegations, even viewed in her favor, fail to demonstrate an intent on the part of either defendant to themselves assert a right that is inconsistent with the Plaintiff's right by holding the funds in escrow and then transferring them to Mr. Ducharme's estate's attorney. In other words, the allegations prove only that both defendants acted in good faith to deliver the money according to the deceased seller's wishes. While several years have passed since the sale of the real estate, during which time Plaintiff has not gained control of the funds, this is due to the ongoing legal dispute over the ownership of the funds resulting not from the defendants' alleged wrongful conduct, but instead from the evident error in the initial wiring instructions and Mr. Ducharme's subsequent death. While these circumstances may be perceived as a costly inconvenience to the Plaintiff, they do not stem from the defendants' mishandling or conversion of the funds.

For these reasons, the Court **grants** the motions to dismiss Count I of conversion against both the Scofield and Birmingham defendants.

II.  Count II - Claims of Professional Negligence

To successfully state a claim of professional negligence under Vermont law, a plaintiff must plead sufficient facts that, taken as true, would establish the following elements:

> (1) That the defendant owes a legal duty to conform to a certain standard of care so as to protect the plaintiff from an unreasonable risk of harm; (2) that the defendant committed a breach of this duty by failing to conform to the standard of care; (3) that the defendant's conduct was the proximate cause of the plaintiff's injury; and (4) that the plaintiff suffered actual loss or damage.

*Noble v. Boppel*, No. 2:10-CV-35, 2011 WL 830169, at *5 (D. Vt. Mar. 3, 2011). "Generally, an attorney owes a duty of care only to his or her own client; not to third parties who claim to have suffered from the attorney's negligence." *Strong v. Fitzpatrick*, 204 Vt. 452, 456 (2017). Aside from some limited exceptions, Vermont does not recognize a duty owed by an attorney to third parties. One such exception may exist in the context of intended beneficiaries, wherein the "primary purpose and intent of the attorney-client relationship itself was to benefit or influence the third party," such as in the context of wills and trusts. *Hedges v. Durrance*, 175 Vt. 588, 590 (2003) (internal quotations omitted).

The Court finds that the Plaintiff has failed to plead sufficient facts to carry her claims of professional negligence against both the Birmingham and Scofield Defendants through this motion to dismiss. The Plaintiff was the romantic partner of the seller, Mr. Ducharme. The Plaintiff was not a client of either law firm; the Birmingham defendants represented the seller of real estate, the Scofield Defendants represented the buyer. Neither defendant owed her any duty by way of an attorney-client relationship.

Further, neither the attorney-client relationship between the seller and the Birmingham defendants, nor the buyer and the Scofield defendants had a primary purpose of benefiting or influencing the Plaintiff. To the contrary, the primary purpose of the relationship between the Birmingham defendants and the seller was the sale of the Ludlow property, and the primary purpose of the relationship between the Scofield defendants and the buyer was the purchase of the Ludlow property.

Throughout the transaction, both the Birmingham defendants and the Scofield defendants acted in accordance with the underlying purchase and sale contract, to which Plaintiff was not a party. Whether the Plaintiff is ultimately entitled to the proceeds of the real estate transaction by way of an independent agreement between Mr. Ducharme and the Plaintiff is a separate question. But when the initial transmission of the proceeds of

11

the sale failed, and the seller subsequently passed away before addressing the failed transmission, both parties acted in accordance with their duties owed to their clients to carry out the terms of the purchase and sale contract, which provided for payment of the purchase price to be made to the seller.

As Plaintiff has not pled sufficient facts for the Court to conclude that either the Birmingham or the Scofield defendants owed a duty to the Plaintiff, Plaintiff's claim of professional negligence against both defendants under Count II must fail. For the foregoing reasons, Defendants' motions to dismiss Count II of the Complaint is **granted.**

## DISCUSSION

For the reasons set forth above, Defendants' motions to dismiss are **granted.**

## CONCLUSION

DATED at Burlington, in the District of Vermont, this 5th day of May, 2023.

/s/ William K. Sessions III
William K. Sessions III
U.S. District Court Judge